IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| VS | : | 3:CR-04-100 |
| | : | (JUDGE VANASKIE) |
| LAMONT WRIGHT | : | |
| | : | |

MEMORANDUM

Defendant Lamont Wright moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2), asserting an entitlement to such relief under recent amendments to the United States Sentencing Guidelines (U.S.S.G.) concerning the offense level calculation for crack cocaine offenses.  Finding that the crack cocaine guidelines amendments are inapplicable because Defendant was sentenced under career offender guidelines, I will deny the motion.

I. BACKGROUND

On October 11, 2005, Defendant entered a plea of guilty to a charge of distribution of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1).  The matter proceeded to sentencing on June 29, 2006.  At the sentencing, I adopted the factual findings and guideline application presented by the Probation Office.  (Sentencing Tr., Dkt. Entry 84, at 75.)

The facts as found in the presentence investigation report resulted in a determination that Defendant qualified as a career offender, with a net offense level of 29

and a guideline imprisonment range of 151 to 188 months.  (Id.)  I then granted the Government's motion for a downward departure based upon Defendant's substantial assistance, and departed three offense levels on that basis, producing an advisory imprisonment range of 120 to 150 months.  (Id. at 79.)  Finally, taking into consideration the factors set forth in 18 U.S.C. § 3553(a)(2), I departed an additional level for "significant mitigating circumstances" pertaining to Defendant's childhood difficulties, resulting in an advisory guideline imprisonment range of 110 to 137 months.  (Id. at 80-81.)  I then imposed a prison term of 110 months. (Id. at 81.)  In other words, I departed three levels for Defendant's cooperation, and then reduced the sentence by an additional ten months as a "Booker variance."[1]

On July 15, 2008, Defendant, proceeding *pro se*, moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2).  On the same day, the Federal Public Defender was appointed to represent Defendant pursuant to this Court's Standing Order 08-2.  On October 2, 2008, the Government responded to the motion, arguing that Defendant was not eligible for a reduction in his sentence pursuant to 18 U.S.C. §3582(c)(2) because, as a

---

[1]Reductions in sentences based upon a consideration of the factors set forth in 18 U.S.C. § 3553(a)(2) are often referred to as "variances," authorized by United States v. Booker, 543 U.S. 220 (2005), which held that the sentencing guidelines are advisory only.  Variances are thus distinguished from "departures" authorized by the guidelines themselves, such as departures for the substantial assistance of the defendant authorized by U.S.S.G. § 5K1.1.

career offender, his guideline imprisonment range was not based upon the amount of crack cocaine attributable to him.  The Federal Public Defender filed a reply brief on October 7, 2008.  The matter is ripe for decision.

II.  <u>DISCUSSION</u>

Section 3582(c)(2), in pertinent part, provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>. [Emphasis added.]

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. § 1B1.10.  In pertinent part, this section 1B1.10 provides that where "a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. §3582(c)(2)."  Amendment 706 to the guidelines, which had the effect of reducing by two the offense level applicable to crack cocaine crimes, is listed in subsection (c).  Section 1B1.10, however, also provides that "[a] reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . .

3

an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). Section 1B1.10 further provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

Application of the guidance provided in U.S.S.G. § 1B 1.10(b)(1) leaves Defendant's advisory guideline range unaffected. Simply stated, the crack cocaine guideline amendment has no effect on the determination of the advisory guideline range for this career offender. Both before and after Amendment 706, Defendant's offense level under U.S.S.G. § 4B1.1, concerning career offenders, was 32, and a three level reduction for acceptance of responsibility produced a net offense level of 29. Both before and after Amendment 706, Defendant's criminal history category was set at category VI. See U.S.S.G. § 4B1.1(b).

At the time of sentencing, I did not hold that Defendant's career offender designation over-represented the seriousness of his past criminal conduct so that

4

ascertainment of an advisory guidelines range under U.S.S.G. §4B1.1 was not warranted. Instead, I plainly used the career offender guideline range as the starting point for my determination of a sentence not greater than necessary to achieve the objectives of the sentencing statute.

It is thus clear that adherence to U.S.S.G. § 1B1.10 precludes a reduction in Defendant's sentence. Simply stated, application of Amendment 706 does not have the effect of lowering Defendant's applicable guideline range.

Defendant argues that, in light of Booker, section 1B1.10 cannot serve to restrain this Court's discretion in determining the extent to which a defendant may be entitled to relief under 18 U.S.C. §3582(c)(2). As to the statutory requirement that a term of imprisonment may be reduced only where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ," 18 U.S.C. § 3582(c)(2), Defendant argues that, because sentencing courts must determine a defendant's offense-specific guideline range before applying the career offender provisions, Defendant's sentence was necessarily based on a sentencing range that has subsequently been lowered.[2]

---

[2]In this case, Defendant was held accountable for at least 25 grams of cocaine base and 286 grams of powder cocaine, for a total of 557.2 kilograms marijuana equivalency. (Presentence Investigation Report at ¶ 19.) In accordance with the 2005 edition of the Guidelines Manual, Defendant's base offense level was 28. Under the crack
(continued...)

The linchpin of Defendant's argument must be that his sentence was based on a sentencing range that has now been lowered as a result of the crack cocaine amendments. Absent such a factual premise, § 3582(c)(2) does not come into play.

Significantly, every court to have considered the issue in the context of a defendant like Mr. Wright, whose advisory guideline range was governed by the career offender provisions set forth in U.S.S.G. § 4B1.1, has rejected the premise presented by Mr. Wright. See, e.g., United States v. Thompson, No. 08-2485, 2008 WL 3974337, at *2 (3d Cir. Aug. 28, 2008)(non-precedential)("[b]ecause Thompson was a career offender . . . [t]he [crack cocaine] amendment to § 2D1.1 played no role in determining the recommended guideline range for his sentence," precluding Thompson from being eligible for a sentence reduction); United States v. Johnson, No. 08-50403 2008 WL 4189662 (5th Cir. Sept. 11, 2008) (non-precedential); United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008)("the district courts properly determined that they lacked authority under § 3582(c)(2) to grant the requested sentence reductions . . . [because] although Amendment 706 would reduce the

---

[2](...continued)
cocaine amendments, Defendant's base offense level would be reduced to 26. See U.S.S.G. § 2D1.1, Application Note 10(D). Prior to application of the career offender guidelines provisions, Defendant's criminal history Category was level IV. At the time of his sentencing, the advisory guideline range for his specific offense was 84 to 105 months. Under the crack cocaine amendments, the advisory guideline range would be 70 to 87 months. As noted above, the advisory guideline range applicable to Defendant as a career offender is 151 to 188 months.

base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1"); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008)(per curiam); United States v. Olden, No. 08-5060, 2008 WL 4596336 (10th Cir. Oct. 15, 2008); United States v. Strothers, Criminal No. 03-195, 2008 WL 2473686 (W.D. Pa. June 19, 2008); United States v. Mateo, Criminal No. 99-056-03, 2008 WL 2914462 (M.D. Pa. July 23, 2008).  In United States v. Rivera, 535 F.Supp. 2d 527, 530 (E.D. Pa. 2008), the Court rejected an argument similar to that advanced here:

> Rivera argues that, although he was sentenced as a career offender, the guideline range prescribed by § 2D1.1 was relevant to his sentence and that Amendment 706 therefore triggers authority to reduce the sentence under § 3582.  He asserts that, when sentencing a career offender, a court compares the § 4B1.1 career offender sentence with a non-career offender sentence under § 2D1.1.  According to Rivera, this comparison may bear on the Judge's choice of what sentence from within the guideline range to order.  Rivera asserts that, because the comparison between career and non/career offenders sentences has been affected by Amendment 706, he is entitled to a re-sentencing.
>
> Rivera's argument inaccurately summarizes the sentencing process.  Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1.  The court may rely on the sentencing range prescribed for defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category 'substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant

will commit other crimes.' § 4A1.3(b)(1). If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used. When Rivera was sentenced, the Court declined to grant a downward departure in criminal history category. In other words, the Court concluded that Category VI and the career offender provision accurately represented Rivera's characteristics. Therefore, the Court calculated a sentencing range based on § 4B1.1 The sentencing range under § 2D1.1 never became relevant because no downward departure was granted.

   This analysis is persuasive and applicable here. In this matter, I did not depart on the grounds that Defendant's criminal history category substantially over-represented the seriousness of his criminal past or the likelihood that he would commit other crimes. Instead, I viewed as the applicable advisory guideline range that which was established by the career offender provisions. Accordingly, Defendant is not eligible for a sentence reduction based upon the crack cocaine guidelines amendments because his sentencing range applicable to the term of imprisonment ultimately imposed in this case has not been lowered by the Sentencing Commission. See United States v. Biami, 548 F. Supp. 2d 661, 667 (E.D. Wis. 2008)("all of the district courts which have [addressed this precise issue] have held that a crack defendant sentenced under the career offender guideline is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the

2007 amendments.")[3]

III. CONCLUSION

For the reasons set forth above, the requested reduction in sentence will be denied. An appropriate Order follows.[4]

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

[3] Defendant did not cite a single case that supported his position in this matter. This Court's independent research likewise found no case where a defendant whose advisory guideline range was based upon the career offender provisions of U.S.S.G. § 4B1.1 – without any determination that their criminal history substantially over-represented the seriousness of their background and likelihood of recidivism – were found eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).

[4] It bears noting that Defendant's post-Booker sentence was based upon a careful assessment of all sentencing factors. I determined that a sentence of 110 months was not greater than necessary to achieve the aims of the sentencing statute. The crack cocaine amendments have no effect on that determination. Stated otherwise, I would not reduce Defendant's sentence even if he were eligible for a sentence reduction under § 3582(c)(2).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :
                                 :
    VS                           :         3:CR-04-100
                                 :         (JUDGE VANASKIE)
LAMONT WRIGHT                    :
                                 :

## ORDER

NOW, THIS 23rd DAY OF OCTOBER, 2008, IT IS HEREBY ORDERED

THAT Defendant's Motion to Reduce Sentence (Dkt. Entry 83) is DENIED.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge